

**Your Missouri Courts**

Search for Cases by: Select Search Method...

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   *Print*          GrantedPublicAccess  **Logoff KATEROBERTSON**

## 21SL-CC02526 - ADRIANNA THURMAN V ST. LOUIS COUNTY ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |

FV and V Memo

| | | | |
| --- | --- | --- | --- |
| **Judge/Commissioner Assigned:** | BORBONUS, JOHN N. III | **Date Filed:** | 06/03/2021 |
| **Location:** | St Louis County | **Case Type:** | CC Other Tort |
| **Disposition:** | Not Disposed | | |
| **Financial Information :** | | | |

Track This Case



EXHIBIT
**A**

Case.net 21SL-CC02526 - Party Information



**Your Missouri Courts**    ase.net

Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print |    GrantedPublicAccess   Logoff KATEROBERTSON |

**21SL-CC02526 - ADRIANNA THURMAN V ST. LOUIS COUNTY ET AL (E-CASE)**

FV | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

**Click here to QuickFile on behalf of the Selected Party.**

○ **THURMAN , ADRIANNA , Plaintiff**

8448 MIDWOOD AVENUE
BERKELEY, MO 63134

**Year of Birth:** 1988

represented by   **PEDROLI , MARK J , Attorney for Plaintiff**

7777 BONHOMME AVE
SUITE 2100
CLAYTON, MO 63105
**Business:** (314) 669-1817

○ **ST. LOUIS COUNTY , Defendant**

41 SOUTH CENTRAL AVENUE
9TH FLOOR
CLAYTON, MO 63105

○ **BUCKLES , JIM , Defendant**

105 SOUTH CENTRAL AVENUE
5TH FLOOR
CLAYTON, MO 63105

○ **MURPHY , JULIA , Defendant**

100 SOUTH CENTRAL AVENUE
STE 7
CLAYTON, MO 63105

○ **BELLO-KOTTENSTETTE , JENNIFER , Defendant**

100 SOUTH CENTRAL AVENUE
STE 7
CLAYTON, MO 63105

○ **HERSCHBACH , BRIAN , Defendant**

100 SOUTH CENTRAL
STE 7
CLAYTON, MO 63105

○ **RODGERS , TRICIA , Defendant**

100 SOUTH CENTRAL AVENUE
STE 7
CLAYTON, MO 63105



Search for Cases by: Select Search Method... ▼

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print      GrantedPublicAccess   Logoff KATEROBERTSON

## 21SL-CC02526 - ADRIANNA THURMAN V ST. LOUIS COUNTY ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries ▼

---

**06/04/2021** ☐ **Judge/Clerk - Note**
NO SUMMONS ISSUED DUE TO MISSING SERVICE FEES OR SPECIAL PROCESS SERVER FORM. SERVICE FEE = $36.00 PER DEFENDANT WITH A ST. LOUIS COUNTY ADDRESS. PLEASE E-FILE A SERVICE MEMO WITH THE MISSING SERVICE FEES ATTACHED. -NO SUMMONS ISSUED

**06/03/2021** ☐ **Filing Info Sheet eFiling**
    **Filed By:** MARK J PEDROLI

☐ **Pet Filed in Circuit Ct**
PETITION.
    **Filed By:** MARK J PEDROLI
    **On Behalf Of:** ADRIANNA THURMAN

☐ **Judge Assigned**

---

Case.net Version 5.14.18      Return to Top of Page      Released 05/29/2021

**21SL-CC02526**

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**TWENTY-FIRST JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | |
|---|---|
| **ADRIANNA THURMAN** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Cause No:** |
| ) | |
| **ST. LOUIS COUNTY,** ) | **Division:** |
| ) | |
|     **Serve at:** ) | **JURY TRIAL DEMANDED** |
|     **41 South Central Avenue, 9th Floor** ) | |
|     **St. Louis, Missouri 63105,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **JIM BUCKLES, in his individual capacity,** ) | |
| ) | |
|     **Serve at:** ) | |
|     **105 South Central Avenue, 5th Floor** ) | |
|     **St. Louis, Missouri 63105,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **JULIA MURPHY, in her individual** ) | |
| **capacity,** ) | |
| ) | |
|     **Serve at:** ) | |
|     **100 South Central Avenue, Ste. 7** ) | |
|     **St. Louis, Missouri 63105,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **JENNIFER BELLO-KOTTENSTETTE,** ) | |
| **in her individual capacity,** ) | |
| ) | |
|     **Serve at:** ) | |
|     **6121 North Hanley Road** ) | |
|     **St. Louis, Missouri 63134,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **BRIAN HERSCHBACH, in his individual** ) | |
| **capacity,** ) | |

1

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

|  |  |
|---|---|
| **Serve at:** | ) |
| **100 South Central Avenue, Ste. 7** | ) |
| **St. Louis, Missouri 63105,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **TRICIA RODGERS, in her individual** | ) |
| **capacity,** | ) |
| | ) |
| **Serve at:** | ) |
| **100 South Central Avenue, Ste. 7** | ) |
| **St. Louis, Missouri 63105,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **JOHN DOE (NO. 1),** | ) |
| | ) |
| **Hold for Service,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **JOHN DOE (NO. 2),** | ) |
| | ) |
| **Hold for Service,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **JOHN/JANE DOE (NO.3),** | ) |
| | ) |
| **Hold for Service,** | ) |
| | ) |
| **Defendants** | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Adrianna Thurman and for her Complaint for Damages against the above-named Defendants, states as follows:

## STATEMENT OF CASE

1.     On October 2, 2018, Plaintiff, Adrianna Thurman, thirty-years old, seven months pregnant and a single mother of two very young children, was arrested at her home and imprisoned

2

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

by St. Louis County on a civil "body attachment" related to a bogus paternity claim brought by a rebuffed ex-boyfriend. Ms. Thurman was taken from her children, her home, her job and locked-up in general population at the St. Louis County jail for thirty-nine (39) days, while not being told why she was being detained, and while she was suffering from a painful breast cancer that would remain undiagnosed in jail despite Ms. Thurman's complaints. For more than a month, St. Louis County refused to explain the reason for Ms. Thurman's imprisonment nor what she could do to secure her release except to tell her, vaguely, that her detention was related to a "body attachment", yet no one explained what that meant. St. Louis County employees 1) did not offer bond pursuant to § 491.170 RSMo, which mandates the release of a witness held on a body attachment on a hundred-dollar bond, then, 2) St. Louis County employees inputted the wrong data into the County jail's computer system, and, 3) then St. Louis County employees didn't take Ms. Thurman to court to see the judge regarding the paternity claim. As a result, Ms. Thurman's unlawful detention continued for thirty-nine days due to St. Louis County's deliberate indifference toward Ms. Thurman.  Ms. Thurman was made to suffer the pain and emotional distress of a lengthy imprisonment, of a mysterious origin, away from her two young children, while pregnant, sick, and in pain due to breast cancer. St. Louis County employees would later tell Ms. Thurman she "slipped through the cracks," but as St. Louis County and its residents know all too well, the jail was institutionally and systemically broken. Just a few months later, the jail's systemic failures would take the lives of five detainees within a twelve-month period, and just ten months prior to Ms. Thurman's unlawful incarceration, then-St. Louis County Executive Steve Stenger bragged to his executive staff: "That's one of the greatest powers I have. That I have 52 people who I hire, and nobody knows where they're coming from.  For instance, there are 2 slots over at the jail. Nobody knows if Julia Childrey [Director of Department of Justice Services] put those people

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

there, or I did.  It's good f---ed up. We like it f---ed up."[1] Ms. Thurman paid a steep price for St. Louis County Jail's institutional decay.

2.      Today, more than two years after her lengthy and unlawful incarceration Mr. Thurman has stage-4 cancer and faces a grave diagnosis. Ms. Thurman files this lawsuit for the incalculable damages to her personal liberties, and her mental and physical health. Ms. Thurman also files this lawsuit in the hopes of leaving a legacy of accountability and reform so that no one again has to suffer the confusion, pain and indignity of her unlawful incarceration.

3.      Accordingly, Plaintiff Adrianna Thurman brings claims herein against Defendants Tricia Rodgers, Bryan Herschbach, Jennifer Bello-Kottenstette, Jim Buckles, Julia Murphy, John Doe (No. 1), John Doe (No. 2), and John/Jane Doe (No. 3) in their individual capacities, for violations of her constitutional rights as secured through the Fourth, Eighth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983.  Further, Plaintiff Adrianna Thurman brings claims herein against Defendant St. Louis County, under theories of municipal liability ("*Monell*" liability), for unconstitutional practices, and/or customs as well as failures to train, supervise, and/or discipline staff and employees under their authority and control.  Finally, Ms. Thurman brings claims for false imprisonment and negligence per se, pursuant to state common law.

## **PARTIES**

4.      Plaintiff Adrianna Thurman (herein "Ms. Thurman") is and was, at all times relevant hereto a citizen of the United States of America and resident of the State of Missouri.

5.      Defendant St. Louis County, Missouri (hereinafter "Defendant St. Louis County") is a body politic, municipal corporation, and/or political subdivision of the State of Missouri and organized and existing pursuant to the Missouri Constitution and state law.  Further, the St. Louis

---

[1] Government's Sentencing Memorandum, United States of America v. Steven Stenger, filed 8/02/2019

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

County Sheriff's Department is a department, agency, and/or instrumentality of Defendant St. Louis County and responsible for the processing and execution of civil process within St. Louis County. Additionally, Defendant St. Louis County operates the Buzz Westfall Justice Center (hereinafter "Justice Center") through its Department of Justice Services and provides healthcare services to inmates of the Justice Center through the Corrections Medicine Program operated by the St. Louis County Department of Public Health.

6.     Defendant Jim Buckles (herein "Defendant Buckles") was, at all times relevant hereto, employed by Defendant St. Louis County as the Sheriff of Defendant St. Louis County and acting color of state law.  As the Sheriff of St. Louis County, Defendant Buckles was responsible for the administration, operation, and management of his department, including but not limited to the training, supervision, and disciplining of the deputy sheriffs and creation, implementation, and enforcement of the policies, practices, and procedures for his department.  For purposes of this litigation, Defendant Buckles is named in his individual capacity.

7.     Defendant Julia Murphy (herein "Defendant Murphy") was, at all times relevant hereto, employed by Defendant St. Louis County as its Director of the Department of Justice Services.  As the  Director of the Department of Justice Services, Defendant Murphy was responsible for the administration, operation, and management of his department, including but not limited to management of the Buzz Westfall Justice Center; the training, supervision, and disciplining of Justice Services correctional officers, staff, and employees; and the creation, implementation, and enforcement of the policies, practices, and procedures for her department. For purposes of this litigation, Defendant Murphy is named in her individual capacity.

8.     Defendant Bryan Herschbach (hereinafter "Defendant Herschbach") was, at all times relevant hereto, employed by Defendant St. Louis County as its bonding supervisor and

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

acting under color of state law within the authority and scope of his employment with Defendant St. Louis County.  For purposes of this litigation, Defendant Herschbach is named in his individual capacity.

9.      Defendant Jennifer Bello-Kottenstette is and was, at all times relevant hereto employed by Defendant St. Louis County as its Director of Corrections Medicine.  As the Director of Corrections Medicine, Defendant Bello-Kottenstette is and was, at all times relevant hereto, responsible for the administration, operation, and management of her department, including  but not limited to the management of Defendant St. Louis County's Corrections Medicine Program, which provides health services and medical care to inmates housed in the Justice Center; the training, supervision, and disciplining of her department staff and employees; and the creation, implementation, and enforcement of the policies, practices and procedures for her department.  On information and belief, Defendant Bello-Kottenstette holds and held, at all times relevant hereto, final policymaking authority for the operations of her department.  Additionally, Defendant Bello-Kottenstette is a licensed medical doctor and provides direct medical care to individuals incarcerated and/or detained in Defendant St. Louis County's Buzz Westfall Justice Center.  In the course of providing direct medical care and treatment to inmates, including Plaintiff Thurman, Defendant Bello-Kottenstette was acting under color of state law with the authority and scope of her employment with Defendant St. Louis County.  For purposes of this litigation, Defendant Bello-Kottenstette is named in her individual capacity.

10.      Defendant Tricia Rodger (hereinafter "Defendant Rodgers") was, at all times relevant hereto, employed by Defendant St. Louis County as a system support analyst at the Buzz Westfall Justice Center and acting under color of state law within the authority and scope of her

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

employment with Defendant St. Louis County.  For purposes of this litigation, Defendant Rodgers is named in her individual capacity.

11.     Defendant John Doe (No. 1) was, at all times relevant hereto, employed by Defendant St. Louis County in the Department of Justice Services.  As all times relevant hereto, Defendant John Doe (No. 1) was acting under color of state law within the authority and scope of his employment with Defendant St. Louis County.  For purposes of this litigation, Defendant John Doe (No. 1) is named in his individual capacity.

12.     Defendant John Doe (No. 2) was, at all times relevant hereto, employed by Defendant St. Louis County.  On information and belief, Defendant John Doe (No. 2) was employed by Defendant St. Louis County as either a correctional officer in the Department of Justice Services or as a bailiff and/or sheriff's deputy in the Sheriff's Department.  At all times relevant hereto, Defendant John Doe (No. 2) was acting under color of state law within the authority and scope of his employment with Defendant St. Louis County.  For purposes of this litigation, Defendant John Doe (No. 2) is named in his individual capacity.

13.     Defendant John/Jane Doe (No. 3) was, at all times relevant hereto, employed by Defendant St. Louis County.  On information and belief, Defendant John/Jane Doe (No. 3) was employed by Defendant St. Louis County in the Department of Justice Services and may have and/or have had employee identification number "js0156."  At all times relevant hereto, Defendant John/Jane Doe (No. 3) was acting under color of state law within the authority and scope of his/her employment with Defendant St. Louis County.  For purposes of this litigation, Defendant John/Jane Doe (No. 3) is named in his/her individual capacity.

## JURISDICTION AND VENUE

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

14.     As described herein, this Court has jurisdiction to hear this cause of action and personal jurisdiction over the above-named Defendants.

15.     Venue is proper to this Court, pursuant to §§ 508.010 and 508.060 MO. REV. STAT., in that Defendant St. Louis County is the county in which Plaintiff was first injured by the wrongful acts and/or negligent conduct of Defendants, as alleged herein, and/or as the Circuit Court in which Defendant St. Louis County is situated.

## FACTUAL ALLEGATIONS

16.     On or about July 23, 2018, Ms. Thurman was ordered by Family Court Commissioner Mary Greaves (hereinafter "Commissioner Greaves") to produce her two children for genetic testing as part of a paternity action filed by an ex-boyfriend.

17.     Ms. Thurman was not aware of, present for, nor represented by counsel at the aforementioned hearing.

18.     Ms. Thurman was not provided with a copy of, and/or did not receive, any notice of Commissioner Greave's Order from the Family Court.

19.     On or about September 20, 2018, Commissioner Greaves issued a Writ of Attachment (also known as a "body attachment"), pursuant to § 491.170 MO. REV. STAT., against Ms. Thurman.

20.     On or about October 2, 2018, at approximately 9:30 a.m., Ms. Thurman was arrested by an officer of the St. Louis County Police Department based on the aforementioned Writ of Attachment.

21.     Immediately following her arrest, Ms. Thurman was transported to the Buzz Westfall Justice Center.

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

22.     Upon her arrival at the Buzz Westfall Center, Ms. Thurman was placed into the custody of, and "booked" by, Defendant John Doe (No. 1).

23.     At the time of Ms. Thurman's intake and "booking," Defendant John Doe (No. 1) knew and/or should have known that Ms. Thurman was being detained on a civil Writ of Attachment (or "body attachment").

24.     Pursuant to § 491.170 MO. REV. STAT., "[w]hen a writ of attachment, authorized by section 491.160, shall be executed, the sheriff or other officer **shall discharge** such witness, on his entering into a recognizance to the state of Missouri, with sufficient security, **in the sum of one hundred dollars**, which the officer executing the writ is authorized to take, conditioned for the appearance and due attendance of such witness according to the exigency of such writ."

25.     Defendant John Doe (No. 1) failed, at any time, to afford Ms. Thurman any opportunity to provide "sufficient security, in the sum of one hundred dollars" to secure her immediate release, as required by § 491.160 MO. REV. STAT.

26.     At no time during her approximately thirty-nine (39) days of detention did any employee, officer, and/or agent of Defendant St. Louis County afford Ms. Thurman the opportunity to appear and be heard by any court or other judicial officer and/or post any form of bond to secure her release.

27.     Despite the fact that Ms. Thurman was arrested early in the day, on or about Tuesday, October 2, 2018, Defendant John Doe (No. 1) failed to notify any court of Ms. Thurman's detention and thereby denied her the immediate opportunity to appear and be heard by any court or judicial official that day.

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

28.     On information and belief, the St. Louis County Circuit Court has a designated daily "duty judge" whom Defendant St. Louis County correctional officers and staff, including but not limited to Defendant John Doe (No. 1), can contact regarding detentions, bond, and court dates.

29.      At no time on October 2, 2018, did any employee, officer, and/or agent of Defendant St. Louis County, including but not limited to Defendant John Doe (No. 1), make any attempts to contact the presiding "duty judge" regarding Ms. Thurman's detention on a civil Writ of Attachment, attempt to notify the court of her detention, and/or allow her any opportunity to post bond.

30.     Through his actions, on or about October 2, 2018, Defendant John Doe (No. 1) denied Ms. Thurman any opportunity to be heard by any court and/or secure her release from custody.

31.     On information and belief, upon being booked into the County jail, a jail employee incorrectly entered Ms. Thurman's case number, indicating a criminal court matter, rather than a domestic relations matter.

32.     On information and belief, it was the policy of St. Louis County that detainees being held on civil warrants, including Writs of Attachment, be afforded the opportunity to elect to be placed in administrative segregation rather than placed into the jail's general population.

33.     Ms. Thurman was not, at any time, offered the option to be placed in administrative segregation but was instead simply placed into the general population.

34.     At the time of her detention, Ms. Thurman was approximately seven (7) months pregnant, and her pregnancy was both readily apparent and known to St. Louis County and jail employees and staff.

10

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

35.     On or about October 3, 2018, Ms. Thurman was awakened in the morning by a correctional officer.

36.     After being awaked by a correctional officer, Ms. Thurman was transported, along with multiple other inmates, to the St. Louis County Courts Building.

37.     Upon arrival at the St. Louis County Courts Building, Ms. Thurman, along with multiple other inmates, was placed into a holding room.

38.     On information and belief, Defendant John Doe (No. 2) was responsible for supervising the inmates in the holding room and ensuring that they were brought to the appropriate courtroom for his/her hearing.

39.     Ms. Thurman waited in the holding room for approximately two (2) to three (3) hours.

40.     While Ms. Thurman waited, each of the other inmates was led out of the holding room, at various times, and to his/her respective court appearance.

41.     Eventually, Ms. Thurman was the sole inmate left in the holding room.

42.      Despite Ms. Thurman being the sole inmate left in the holding room, Defendant John Doe (No. 2) made no efforts to ensure that Ms. Thurman was afforded any opportunity to  be heard by the Court, made no inquiries regarding any hearings scheduled regarding her or her case, and/or made no attempts to ascertain the reason she was the sole inmate left in the holding room who had not been heard by a Court.

43.     On or about October 3, 2018, after waiting in the holding room for approximately two (2) to three (3) hours, Defendant John Doe (No. 2) had Ms. Thurman returned to the County jail and her cell without ever having been heard by any court and/or judicial official.

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

44.     Defendant John Doe (No. 2)'s failure to make any inquiries regarding Ms. Thurman and her presence in the holding room resulted in her being denied any opportunity to be heard by any court and/or secure her release from custody.

45.     On or about October 10, 2018, Defendant John/Jane Doe (No. 3) recognized that Ms. Thurman's case number had been entered incorrectly and corrected that entry.

46.      Defendant John/Jane Doe (No. 3) knew, on or about October 10, 2018, that Ms. Thurman was still being held in detention on a civil matter and had been held in such detention since October 2, 2018, without opportunity to

47.     Defendant John/Jane Doe (No. 3) knew that Ms. Thurman had been held since October 2, 2018, on a civil Writ of Attachment without any opportunity for bond or hearing.

48.     Defendant John/Jane Doe (No. 3) failed to make any efforts to ensure that Ms. Thurman was afforded any opportunity to be heard by any court and/or judicial official and/or secure her release from detention.

49.     On information and belief, St. Louis County correctional officers knew that Ms. Thurman was being detained on a civil Writ of Attachment and/or had access to such information if they had bothered to inquire.

50.     On information and belief, no official or employee of St. Louis County conducted any review of the body attachment to ensure its accuracy and conformity with the law.

51.     , Defendant St. Louis County lacked, and continues to lack, adequate policies and procedures to ensure that Body Attachments are reviewed for accuracy, legality and that bond is offered pursuant to Missouri law.

52.     Between on or about October 3, 2018 and on or about October 31, 2018, Ms. Thurman made multiple requests, both written and oral, to St. Louis County correctional staff,

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

regarding her detention and/or requesting to speak with her assigned caseworker, Defendant Tricia Rodgers.

53.     Between on or about October 3, 2018 and on or about October 31, 2018, St. Louis County correctional staff ignored and/or disregarded Ms. Thurman's multiple requests to speak with her assigned caseworker, Defendant Tricia Rodgers.

54.      It is the policy or practice and custom of Defendant St. Louis County and its Department of Justice Services to deny inmates and detainees' access to their assigned caseworker until they have been incarcerated or detained for thirty (30) days.

55.      This aforementioned policy resulted in Ms. Thurman not being afforded any opportunity to discuss the reasons for her detention and/or mechanisms through which she could secure her release.

56.     At the time of Ms. Thurman's detention, Defendant St. Louis County has no policies or procedures to ensure a body attachment detainee is seen within any reasonable time by a case worker (or anyone else).

57.     Between on or about October 3, 2018, and on or about October 31, 2018, multiple St. Louis County corrections officers refused to inform Ms. Thurman of the reason for her detention and/or what she could do to secure her release.

58.     Between on or about October 3, 2018 and on or about October 31, 2018, multiple St. Louis County corrections officers told Ms. Thurman that there was nothing she could do to request a court hearing and/or secure her release.

59.     Between on or about October 3, 2018 and on or about October 31, 2018, multiple St. Louis County correctional officers told Ms. Thurman that the only thing she could do is simply wait until she was summoned by a court.

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

60.     On or about October 29, 2018, Defendant John/Jane Doe (No. 3) realized that Ms. Thurman had been in custody for approximately twenty-eight (27) days and not yet had the opportunity to appear before any Court and/or pay bond to secure her release.

61.     On or about October 29, 2018, Defendant John/Jane Doe (No. 3) realized that there was no active case number related to any matter involving Ms. Thurman in the Court's electronic docketing and tracking system.

62.     On or about October 29, 2018, Defendant John/Jane Doe (No. 3) contacted Defendant Herschbach, the bond supervisor for the County jail, regarding the facts that Ms. Thurman was still being detained, had not appeared before any Court, had not been afforded any opportunity for bond, and did not have an active case number in the Court's electronic docketing and tracking system.

63.     Despite the fact that he/she knew, on or about October 29, 2018, that Ms. Thurman was still being detained on a civil matter, had not appeared before any court, and/or did not have an active case number for any legal matter involving her, Defendant John/Jane Doe (No. 3) failed to take any reasonable steps to ensure that Ms. Thurman was provided an opportunity to be heard by any Court and/or otherwise secure her release.

64.     Despite the fact that he knew , on or about October 29, 2018, that Ms. Thurman was still being detained on a civil matter, had not appeared before any court, and/or did not have an active case number for any legal matter involving her, Defendant Herschbach failed to take any reasonable steps to ensure that Ms. Thurman was provided an opportunity to be heard by any Court and/or otherwise secure her release.

65.     On or about October 31, 2018, Ms. Thurman was finally allowed to meet with Defendant Rodgers, her assigned caseworker.

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

66.    On or about October 31, 2018, Defendant Rodgers knew that Ms. Thurman had been held in detention for approximately twenty-nine (29) on a civil Writ of Attachment and had yet to be  heard by Commissioner Greaves or any court.

67.    Despite the fact that she knew , on or about October 31, 2018, that Ms. Thurman was still being detained on a civil matter, had not appeared before any court, and/or did not have an active case number for any legal matter involving her, Defendant Rodgers failed to take any reasonable steps to ensure that Ms. Thurman was provided an opportunity to be heard by any Court and/or otherwise secure her release.

68.    On or about November 1, 2018, Ms. Thurman was finally scheduled to be heard by Commissioner Greaves, but such hearing was not scheduled for approximately seven (7) days later, for November 8, 2018.

69.    On or about November 8, 2018, Ms. Thurman appeared before Commissioner Greaves but was remanded back into the custody of the St. Louis County Jail, even though she had already been detained for approximately thirty-nine (39) days on a purely civil matter.

70.    On or about November 9, 2018, the attorney for Ms. Thurman's ex-boyfriend and the appointed guardian ad litem for Ms. Thurman's children appeared before Judge Mary Ott, St. Louis County Circuit Court, and finally obtained Ms. Thurman's release from the St. Louis County Jail.

71.    Shortly before her release, Ms. Thurman was told by Defendant Rodgers that she had "slipped through the cracks" and jail staff were improperly trained regarding the detentions of individuals on civil warrants and Writs of Attachments.

Electronically Filed - St. Louis County - June 03, 2021 - 02:12 PM

72.     At the time of her November 9, 2018 release, Ms. Thurman had been held, without hearing and/or opportunity for bond and on a purely civil matter, for approximately thirty-nine (39) days.

73.     At the time of Ms. Thurman's detention, Defendant Bello-Kottenstette was the Director of St. Louis County's Department of Corrections Medicine.

74.     During her period of incarceration, Defendant Bello-Kottenstette provided Ms. Thurman with medical care and/or was her assigned and/or attending physician.

75.     Between on or about October 11, 2018 and on or about October 26, 2018, Ms. Thurman's urine was collected and tested on three (3) separate occasions, all of which indicated abnormal results.

76.      Defendant Bello-Kottenstette reviewed and/or was aware of these urinalysis tests and the abnormal results.

77.     On or about October 26, 2018, Ms. Thurman was physically examined by Defendant Bello-Kottenstette.

78.     During this aforementioned examination, Ms. Thurman reported to Defendant Bello-Kottenstette that she was having lower back pain, felt like her "bones are cracking" when she walked, was having trouble getting out of bed, was having difficulty sleeping, and was experiencing dizziness.

79.      On or about October 26, 2018, Defendant Bello-Kottenstette ordered Ms. Thurman's blood to be drawn and tested.

80.      On or about October 26, 2018, Defendant Bello-Kottenstette reviewed the results of Ms. Thurman's bloodwork.

16

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

81.     In reviewing Ms. Thurman's bloodwork, Defendant Bello-Kottenstette recognized abnormalities in Ms. Thurman's results that warranted further examination and testing.

82.     Defendant Bello-Kottenstette failed to order any further immediate examination and/or testing.

83.     Defendant Bello-Kottenstette failed to notify Ms. Thurman, at any time, of the results of her blood testing and/or potential concerns regarding serious underlying health conditions.

84.     Following her release from her detention and/or incarceration, Ms. Thurman was examined by her private physician who likewise ordered Ms. Thurman's blood to be drawn and tested.

85.     Upon review of Ms. Thurman's bloodwork results, Ms. Thurman's private physician immediately recognized the immediate need for further examination and testing.

86.     As the result of this additional examination and testing, Ms. Thurman was diagnosed with breast cancer which had metastasized to her spine and was the underlying cause of the symptoms Ms. Thurman had previously reported to Defendant Bello-Kottenstette, on or about October 26, 2018.

87.     Defendant Bello-Kottenstette knew, based Ms. Thurman's complaints, on or about October 26, 2018, her multiple abnormal urinalysis results, and/or her abnormal bloodwork results, that further examination and testing was warranted and necessary and that her symptoms and/or medical test results were indicative of a serious underlying medical condition.

88.     As the result of her unlawful incarceration, Ms. Thurman was prevented from receiving normal, routine, and scheduled medical testing from her private physician which would have revealed her serious medical condition months prior to her actual diagnosis.

89.     As the result of Defendant Bello-Kottenstette's failure to notify Ms. Thurman of her multiple abnormal urinalysis results and blood testing results, Defendant Bello-Kottenstette delayed Ms. Thurman from receiving proper medical diagnosis and treatment of a serious medical condition for several months.

90.     Defendant St. Louis County maintains and/or is responsible for the operations of the Sheriff's Department, Department of Justice Services, the Buzz Westfall Justice Center, and the Department of Public Health and its Department of Corrections Medicine and the training, supervision, and discipline of the staff, officers, and employees of those agencies.

91.     Defendant St. Louis County has and/or had, at all times relevant hereto, insurance coverage which provides coverage against lawsuits and damages arising therefrom, including damages of the type incurred by Ms. Thurman.

92.     At the time of Ms. Thurman's detention and continuing until her release, approximately thirty-nine (39) days later, Defendant St. Louis County maintained certain policies, practices, and customs which allowed for, facilitated, and/or resulted in Ms. Thurman's unlawful incarceration, including but not limited to not notifying civil detainees held on body attachments of their rights to post "sufficient security, in the sum of one hundred dollars"; not properly monitoring and tracking the statuses of persons detained under civil Writs of Attachment; not ensuring that inmates transported to court appearances are allowed to participate in those hearings; reliance upon officers of the St. Louis County police department to execute Writs of Attachment without properly notifying such officers of the nature and limitations of their powers under such Writs of Attachment; denying inmates access to their case workers until they have been held in detention for thirty (30) days; and not notifying inmates of the results of medical tests.

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

93.     At the time of Ms. Thurman's arrest and continuing until her release, approximately thirty-nine (39) days later, Defendant St. Louis County's training, supervisory, and disciplinary policies were inadequate, including but not limited to a detainee's right to post "sufficient security, in the sum of one hundred dollars"; monitoring and tracking the statuses of individuals detained on civil Writs of Attachment; ensuring that detainees were allowed to participate in court hearings; the nature of and limitations on powers under Writs of Attachment; and notifying detainees of the results of medical testing.

94.     As the Sheriff of St. Louis County at the time of Ms. Thurman's detention, Defendant Buckles had final policymaking authority for his department as well as the obligation and responsibility for promulgating policies and providing training, supervision, and discipline of his department's staff, officers, and employees.

95.     Prior to, at the time of, and continuing after Ms. Thurman's detention, Defendant Buckles knew that his officers and employees would routinely encounter situations involving civil body attachments and individuals arrested and detained pursuant to civil body attachments.

96.     As the Director of Justice Services at the time of Ms. Thurman's detention, Defendant Murphy had final policymaking authority for her department as well as the obligation and responsibility for promulgating policies and providing training, supervisions, and discipline of her department's staff, officers, and employees.

97.     Prior to, at the time of, and continuing after Ms. Thurman's detention, Defendant Murphy knew that her officers and employees would routinely encounter situations involving civil body attachments and individuals arrested and detained pursuant to civil body attachments.

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

98.     At the time of Ms. Thurman's detention and continuing until her release, approximately thirty-nine (39) days later, Defendant Buckles' department maintained certain policies, practices, and customs which allowed for, facilitated, and/or resulted in Ms. Thurman's unlawful incarceration, including but not limited to failures to notify civil detainees held on body attachments of their rights to post "sufficient security, in the sum of one hundred dollars," failures to properly monitor and track the statuses of persons detained under Writs of Attachment, and/or reliance upon officers of the St. Louis County police department to execute Writs of Attachment without properly notifying such officers of the nature and limitations of their powers under such Writs of Attachment.

99.     At the time of Ms. Thurman's detention and continuing until her release approximately thirty-nine (39) days later, Defendant Buckles'  training, supervisory, and disciplinary policies and procedures were inadequate, including but not limited to failures to notify civil detainees held on body attachments of their rights to post "sufficient security, in the sum of one hundred dollars," failures to properly monitor and track the statuses of persons detained under Writs of Attachment, and/or reliance upon officers of the St. Louis County police department to execute Writs of Attachment without properly notifying such officers of the nature and limitations of their powers under such Writs of Attachment.

100.    At the time of Ms. Thurman's detention and continuing until her release, approximately thirty-nine (39) days later, Defendant Murphy's 's department maintained certain policies, practices, and customs which allowed for, facilitated, and/or resulted in Ms. Thurman's unlawful incarceration, including but not notifying civil detainees held on body attachments of their rights to post "sufficient security, in the sum of one hundred dollars"; not properly monitoring

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

and tracking the statuses of persons detained under civil Writs of Attachment; not ensuring that inmates transported to court appearances are allowed to participate in those hearings; and denying inmates access to their case workers until they have been held in detention for thirty (30) days.

101.    At the time of Ms. Thurman's detention and continuing until her release approximately thirty-nine (39) days later, Defendant Murphy's training, supervisory, and disciplinary policies and procedures were inadequate, including but not limited to failures to notify civil detainees held on body attachments of their rights to post "sufficient security, in the sum of one hundred dollars"; failures to properly monitor and track the statuses of persons detained under Writs of Attachment; not ensuring that inmates transported to court appearances are allowed to participate in those hearings; and denying inmates access to their case workers until they have been held in detention for thirty (30) days.

## LEGAL CLAIMS

### Count I – Unlawful Seizure and Confinement in Violation of the Fourth and Fourteenth Amendments, Cognizable Pursuant to 42 U.S.C. § 1983

### Against Defendants John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach

102.    Plaintiff Adrianna Thurman hereby incorporates the preceding paragraphs, by reference and as if set forth fully herein.

103.    As secured and guaranteed by the Fourth Amendment to the Constitution of the United States of America, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . .."

104.    As described herein, Defendants John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach, while acting under color of state law, unlawfully detained Plaintiff Thurman, and/or caused Plaintiff Thurman to be unlawfully detained, in

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

violation of the Fourth and Fourteenth Amendments, for a period of approximately thirty-nine (39) days from on or about October 2, 2018 and on or about November 9, 2018.

105.    As described herein, Defendants John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach, while acting under color of state law, each knew and/or should have known that Plaintiff Thurman was being unlawfully detained, in violation of her Fourth and Fourteenth Amendment rights, on purely on a civil matter, was being detained without probable cause and/or any other legal justification or excuse, and had been denied opportunity to post bond and/or be heard by any court and/or judicial official.

106.    As described herein, Defendants John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach, while acting under color of state law, each knew and/or should have known that Plaintiff Thurman's detention of approximately thirty-nine (39) days, from on or about October 2, 2018 and on or about November 9, 2018 and arising from a purely civil Writ of Attachment,  was of unreasonable length and scope and in violation of her Fourth and Fourteenth Amendment rights.

107.    As the direct and proximate result of the actions of Defendants John Doe (No. 1). John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach, while acting under color of state law, Plaintiff Thurman has suffered injuries and damages, including but not limited to: loss of her liberty; infringements upon her constitutional rights; pain of the body and the mind; mental anguish; humiliation; loss of ability to care and provide for her children; interference with her maternal rights to the love and companionship of her children; loss of familial love and companionship; loss of faith in her society; loss of employment and other economic opportunities; and consternation.

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

108.    The acts of Defendants St. Louis County, John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach, as described herein, were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Plaintiff Thurman, thereby entitling her to an award of punitive damages against Defendants.

109.    As the result of Defendants John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach's unlawful actions and infringements of Plaintiff Thurman's protected rights, Plaintiff Thurman has been compelled to retain counsel in this matter and is thereby entitled to a recovery of attorneys' fees and legal costs, pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Adrianna Thurman respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, against Defendants John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach, in their individual capacities, and award her any and all compensatory damages, pre-judgment interest, post-judgement interest, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count II – False Imprisonment

**Against Defendant St. Louis County, John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach**

110.    Plaintiff Adrianna Thurman hereby incorporates the preceding paragraphs, by reference and as if set forth fully herein

111.    As described herein, Defendants St. Louis County, John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach detained Plaintiff Thurman

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

and/or caused her to be detained against her will, for a period of approximately thirty-nine days, from on or about October 2, 2018 and November 9, 2018.

112.    As described herein, Defendants St. Louis County, John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No.3, Tricia Rodgers, and Bryan Herschbach's detention of was unlawful in that Plaintiff was detained pursuant to a Writ of Attachment without opportunity to secure her immediate release by providing "sufficient security, in the sum of one hundred dollars, " as provided by § 491.170 Mo. Rev. Stat.

113.    As the direct and proximate result of the actions of Defendants St. Louis County, John Doe (No. 1). John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach, while acting under color of state law, Plaintiff Thurman has suffered injuries and damages, including but not limited to: loss of her liberty; pain of the body and the mind; mental anguish; humiliation; loss of ability to care and provide for her children; interference with her maternal rights to the love and companionship of her children; loss of familial love and companionship; loss of faith in her society; loss of employment and other economic opportunities; and consternation.

114.    The acts of Defendants John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach, as described herein, were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Plaintiff Thurman, thereby entitling her to an award of punitive damages against these Defendants.

WHEREFORE Plaintiff Adrianna Thurman respectfully prays that this Court enter judgment in her favor and against Defendants St. Louis County, John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach, in their individual capacities, and award her any and all compensatory damages, pre-judgment interest, post-judgement interest,

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

punitive damages, and any other such relief to which she is entitled and that this Court deems just, appropriate.

### Count III – Failure to Provide Adequate Medical Care and Treatment in Violation of the Eighth and Fourteenth Amendments

### Against Defendant Jennifer Bello-Kottenstette

115. Plaintiff Adrianna Thurman hereby incorporates the preceding paragraphs, by reference and as if set forth fully herein.

116. Plaintiff Thurman had a serious need for medical treatment, care, and attention while detained at Defendant St. Louis County's Buzz Westfall Justice Center.

117. Defendant Bello-Kottenstette, a licensed medical doctor, knew and/or should have known of Plaintiff Thurman's serious need for ongoing medical treatment, care, and attention.

118. While acting under color of state law, Defendant Bello-Kottenstette failed and/or refused to provide Plaintiff Thurman with appropriate medical care, treatment, and attention, despite her clear need for such medical care, treatment, and attention

119. As the direct and proximate result of the acts and omissions of Defendant Bello-Kottenstette, while she was acting under color of state law and with deliberate indifference to Plaintiff Thurman's rights and serious medical needs, Plaintiff Thurman has suffered damages, including but not limited to physical pain and suffering; emotional distress, anxiety, fear, and mental anguish; and a lost chance of survival.

120. The acts of Defendant Bello-Kottenstette, as described herein, were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Plaintiff Thurman, thereby entitling her to an award of punitive damages against Defendants.

121. As the result of Defendant Bello-Kottenstette's unlawful actions and infringements of Plaintiff Thurman's protected rights, Plaintiff Thurman has been compelled to retain counsel in

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

this matter and is thereby entitled to a recovery of attorneys' fees and legal costs, pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Adrianna Thurman respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, against Defendant Bello-Kottenstette, in her individual capacity, and award her any and all compensatory damages, pre-judgment interest, post-judgement interest, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### *Count IV – Unlawful Practice, and/or Custom*

### **Against Defendant St. Louis County**

122.    Plaintiff Adrianna Thurman hereby incorporates the preceding paragraphs, by reference and as if set forth fully herein.

123.    As described herein, Defendants John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 2), Tricia Rodgers, and Bryan Herschbach, while acting under color of state law and alone and in concert with others, deprived Plaintiff Thurman of her rights, privileges, and immunities as secured by the Constitution of the United States of America, including but not limited to unlawfully detaining her for a period of thirty-nine (39) days on a civil Writ of Attachment without opportunity for bond or to be heard by a court and/or judicial official.

124.    The misconduct of Defendants John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach, as described herein, was authorized by and undertaken pursuant to practices and customs that what so widespread, well-known, and well-settled, as to constitute a standard operating procedure of Defendant St. Louis County, in that it is and was the regular practices and customs of Defendant St. Louis County to not allow civil

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

detainees held on Writs of Attachment to post "sufficient security, in the sum of one hundred dollars" to secure their release; not properly monitoring and tracking the statuses of persons detained under civil Writs of Attachment; not ensuring that inmates transported to court appearances are allowed to participate in those hearings; reliance upon officers of the St. Louis County police department to execute Writs of Attachment without properly notifying such officers of the nature and limitations of their powers under such Writs of Attachment; and denying inmates access to their case workers until they have been held in detention for thirty (30) days.

125.    The serious harms incurred by Plaintiff Thurman were the direct consequence of these patterns, practices, and/or customs of Defendants St. Louis County.

126.    As a direct and proximate consequence of the acts of Defendant St. Louis County, Plaintiff Thurman has suffered damages in the form of, *inter alia*: loss of her liberty; pain of the body and the mind; mental anguish; humiliation; loss of ability to care and provide for her children; interference with her maternal rights to the love and companionship of her children; loss of familial love and companionship; loss of faith in her society; loss of employment and other economic opportunities; and consternation.

127.    As a result of Defendant St. Louis County's unlawful actions and infringements of her protected rights, Plaintiff Thurman has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Adrianna Thurman respectfully prays that this Court enter judgment in her favor and against Defendants St. Louis County and award her any and all compensatory damages, pre-judgment interest, post-judgement interest, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

### Count V – Unlawful Practice, and/or Custom

### Against Defendants St. Louis County

128.    Plaintiff Adrianna Thurman hereby incorporates the preceding paragraphs, by reference and as if set forth fully herein.

129.    As described herein, Defendant Jennifer Bello-Kottenstette, while acting under color of state law and alone and in concert with others, deprived Plaintiff Thurman of her rights, privileges, and immunities as secured by the Constitution of the United States of America, including but not limited to failing to provide her adequate medical care and treatment.

130.    The misconduct of Defendant Bello-Kottenstette, as described herein, was authorized by and undertaken pursuant to a practice and custom that what so widespread, well-known, and well-settled, as to constitute a standard operating procedure of Defendant St. Louis County, in that it is and was the regular practice and custom of Defendant St. Louis County to not inform detainees of the results of medical tests and to withhold prompt and needed medical care, testing, and examinations.

131.    The serious harms incurred by Plaintiff Thurman were the direct consequence of these patterns, practices, and/or customs of Defendants St. Louis County.

132.    As a direct and proximate consequence of the acts of Defendants St. Louis County, Plaintiff Thurman has suffered damages in the form of, *inter alia*: physical pain and suffering; emotional distress, anxiety, fear, and mental anguish; and a lost chance of survival.

133.    As a result of Defendant St. Louis County's unlawful actions and infringements of her protected rights, Plaintiff Thurman has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

WHEREFORE Plaintiff Adrianna Thurman respectfully prays that this Court enter judgment in her favor and against Defendants St. Louis County and award her any and all compensatory damages, pre-judgment interest, post-judgement interest, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count VI – Failure to Train, Supervise, and/or Discipline

**Against Defendants St. Louis County, Jim Buckles, and Julia Murphy**

134.     Plaintiff Adrianna Thurman hereby incorporates the preceding paragraphs, by reference and as if set forth fully herein.

135.     As described herein, Defendants John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 2), Tricia Rodgers, and Bryan Herschbach, while acting under color of state law and alone and in concert with others, deprived Plaintiff Thurman of her rights, privileges, and immunities as secured by the Constitution of the United States of America, including but not limited to unlawfully detaining her for a period of thirty-nine (39) days on a civil Writ of Attachment without opportunity for bond or to be heard by a court and/or judicial official.

136.     Defendants St. Louis County, Buckles, and Murphy's training, supervision and discipline of staff regarding operations of the Sheriff's Department and Department of Corrections, particularly with regard to the rights of civil detainees held on Writs of Attachment to post "sufficient security, in the sum of one hundred dollars" to secure their release; the monitoring and tracking the statuses of persons detained under civil Writs of Attachment; ensuring that inmates transported to court appearances are allowed to participate in those hearings; and allowing inmates access to their case workers until they have been held in detention for thirty (30) days, were non-existent, inadequate, and/or failed to provide Defendant's employees with the necessary

29

Electronically Filed - St. Louis County - June 03, 2021 - 02:12 PM

knowledge and skills to carry out their duties and/or allowed them to routinely violate the rights of individuals without fear of repercussion or sanction.

137.     Defendants St. Louis County, Buckles, and Murphy knew and/or should have known that their employees and staff would routinely be in a position of addressing matters involving persons being held on civil Writs of Attachments.

138.     In failing to properly train its officers and employees regarding these matters, Defendants St. Louis County, Buckles, and Murphy acted with deliberate indifference to the fact that its failure to provide such training would result in the unlawful detention and excessively lengthy detention of persons held on Writs of Attachment and denials of such persons fundamental rights to bond, hearing by a court and/or judicial official, and due process and, thereby, result in deprivations of the constitutional rights of the citizenry, including Plaintiff Thurman.

139.     This indifference to training, supervision, and discipline has resulted in Sheriff's Department and Department of Justice Services' staff and employees mishandling detentions of persons held on Writs of Attachment in the past.

140.     .As a direct and proximate consequence of the acts and omissions of Defendants St. Louis County, Buckles, and Murphy, Plaintiff Thurman has suffered and continues to suffer damages in the form of, *inter alia*: loss of her liberty; pain of the body and the mind; mental anguish; humiliation; loss of ability to care and provide for her children; interference with her maternal rights to the love and companionship of her children; loss of familial love and companionship; loss of faith in her society; loss of employment and other economic opportunities; and consternation.

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

141.    As a result of Defendant St. Louis County's unlawful actions and infringements of her protected rights, Plaintiff Thurman has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Adrianna Thurman respectfully prays that this Court enter judgment in her favor and against Defendants St. Louis County, Jim Buckles, and Julia Murphy and award her any and all compensatory damages, punitive damages against Defendants Buckles and Murphy, pre-judgment interest, post-judgement interest, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

### Count VII – Negligence Per Se, Pursuant to § 491.170 MO. REV. STAT.

**Against Defendants St. Louis County, Jim Buckles, Julia Murphy, John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach**

142.    Plaintiff Adrianna Thurman hereby incorporates the preceding paragraphs, by reference and as if set forth fully herein.

143.    Pursuant to § 491.170 MO. REV. STAT., "[w]hen a writ of attachment, authorized by section 491.160, shall be executed, the sheriff or other officer shall discharge such witness, on his entering into a recognizance to the state of Missouri, with sufficient security, in the sum of one hundred dollars, which the officer executing the writ is authorized to take, conditioned for the appearance and due attendance of such witness according to the exigency of such writ."

144.    Plaintiff Thurman was a detainee and inmate at the Buzz Westfall Justice Center being held on a civil Writ of Attachment.

145.    As a detainee being held on a civil Writ of Attachment, Plaintiff Thurman was entitled to the opportunity to secure her release by "entering into a recognizance to the state of Missouri, with sufficient security, in the sum of one hundred dollars."

Electronically Filed - St Louis County - June 03, 2021 - 02:12 PM

146.     Despite knowledge of the fact that Plaintiff Thurman was entitled to secure her release by "a recognizance . . . with sufficient security, in the sum of one hundred dollars," Plaintiff Thurman was not afforded such opportunity and instead held in the Buzz Westfall Justice Center for a period of approximately thirty-nine (39) days, from on or about October 3, 2018 and November 9, 2018.

147.     Through their acts and omissions, Defendants violated the requirements of § 491.170 MO. REV. STAT., with regard to the rights of Plaintiff Thurman to have access to and receive necessary and proper medical attention.

148.     In enacting § 491.170  MO. REV. STAT., the Missouri legislature clearly exercised its legislative will and intent to protect a class of persons, namely persons arrested and/or taken into custody pursuant to civil Writ of Attachment.

149.     In committing the acts and omissions, as alleged herein, Defendants violated their duties of care, as established in § 491.170 MO. REV. STAT.

150.     As the direct and proximate result of Defendants' acts and omissions, as alleged herein, Plaintiff Thurman suffered injuries, including but not limited to , including but not limited to: loss of her liberty; infringements upon her constitutional rights; pain of the body and the mind; deprivation of medical care; lost chance of survival; mental anguish; humiliation; loss of ability to care and provide for her children; interference with her maternal rights to the love and companionship of her children; loss of familial love and companionship; loss of faith in her society; loss of employment and other economic opportunities; and consternation.

151.     The conduct of Defendants, as alleged herein, displayed a complete and utter indifference to and/or conscious disregard for the medical needs and safety of Plaintiff Thurman

and others, such that punitive damages are warranted to deter Defendants and others from like misconduct in the future.

WHEREFORE Plaintiff Adrianna Thurman respectfully prays that this Court enter judgment in her favor and against Defendants Jim Buckles, Julia Murphy, John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach and award her any and all compensatory damages, punitive damages, pre-judgment interest, post-judgement interest, costs, and any other such relief to which she is entitled and that this Court deems just and appropriate.

Respectfully submitted,

Mark J. Pedroli, MBE 50787
*PEDROLI LAW, LLC*
7777 Bonhomme Ave, Suite 2100
Clayton, Missouri 63105
314.669.1817
314-789.7400 Fax
Mark@PedroliLaw.com

and

/s/ Daniel Kolde__
Daniel J. Kolde, MBE 64965
P.O. Box 440344
St. Louis, Missouri 63105
Tel:     636.675.5383
daniel.kolde.law@gmail.com
**ATTORNEYS FOR PLAINTIFF**

33