**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADRIANNA THURMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 4:21-cv-00816-SRC |
| | ) | |
| ST. LOUIS COUNTY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| JIM BUCKLES, in his individual capacity, | ) | |
| | ) | |
| JULIA MURPHY, in her individual capacity, | ) | |
| | ) | |
| JENNIFER BELLO-KOTTENSTETTE, in her individual capacity, | ) | |
| | ) | |
| BRIAN HERSCHBACH, in his individual capacity, | ) | |
| | ) | |
| TRICIA RODGERS, in her individual capacity, | ) | |
| | ) | |
| JOHN DOE (NO. 1), | ) | |
| | ) | |
| JOHN DOE (NO. 2), | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN/JANE DOE (NO. 3) | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ANSWER OF DEFENDANT ST. LOUIS COUNTY TO PLAINTIFF'S COMPLAINT**</u>
<u>**FOR DAMAGES**</u>

COMES NOW, Defendant St. Louis County, by and through the undersigned counsel,

and for its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages, states as

follows:

1

1.     Paragraph No. 1 contains a legal argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 1.

2.     Paragraph No. 2 contains a legal argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 2.

3.     Paragraph No. 3 contains a legal argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 3.

4.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph No. 4 and therefore denies same.

5.     Defendant admits St. Louis County is a body politic and political subdivision of the State of Missouri. St. Louis County is organized pursuant to the St. Louis County Charter and exists pursuant to the Missouri Constitution and state law. The St. Louis County Sheriff's Office is a part of the Department of Judicial Administration. Defendant admits that St. Louis County operates the Buzz Westfall Justice Center and has a Department of Justice Services. St. Louis County has a Corrections Medicine Program through its Department of Health. Defendant admits medical care is provided to inmates. Defendant denies all other allegations contained within Paragraph No. 5.

6.     Defendant admits that Jim Buckles was previously employed by Defendant as the Sheriff from July 2006 – September 2019. Defendant denies all other allegations contained within Paragraph No. 6.

7.      Defendant admits that Julia Murphy was previously employed by Defendant as the Acting Director of the Department of Justice Services from January 2018 until April 2019. Defendant denies all other allegations contained within Paragraph No. 7.

8.      Defendant admits Bryan Herschbach is an employee of St. Louis County and held the title of Bonding Supervisor during the period of October 2, 2018 – November 9, 2018. Defendant denies all other allegations contained within Paragraph No. 8.

9.      Defendant denies the allegations contained in Paragraph No. 9 of Plaintiff's Complaint.

10.     Defendant admits that Tricia Rodgers is an employee of St. Louis County and held the position of Corrections Information Specialist during the period of October 2, 2018 – November 9, 2018. Defendant denies all other allegations contained within Paragraph No. 10.

11.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph No. 11 and therefore denies same.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph No. 12 and therefore denies same.

13.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph No. 13 and therefore denies same.

14.     Defendant admits this Court has jurisdiction to hear this cause of action and that this Court has personal jurisdiction over Defendant St. Louis County. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph No. 14 and therefore denies same.

15.     Defendant admits that venue is proper. Defendant denies all remaining allegations contained in Paragraph No. 15.

16.     Defendant admits Plaintiff was a respondent in a paternity action and was ordered by Family Court Commissioner Graves, on July 23, 2018, to submit two minor children for DNA testing by August 24, 2018. Defendant is without sufficient knowledge or information to form a belief as to truth of the remainder of the allegations contained within Paragraph No. 16 and therefore denies same.

17.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph No. 17 and therefore denies same.

18.     Defendant denies the allegations contained in Paragraph No. 18.

19.     Defendant admits that on September 20, 2018 Commissioner Greaves issued a Judgment of Contempt against Plaintiff for failing to comply with Court Orders dated June 20, 2018 and July 23, 2018 and that a no bond order for attachment of Plaintiff did issue September 20, 2018. Defendant denies the remaining allegations contained in Paragraph No. 19.

20.     Defendant admits that Plaintiff was arrested on multiple warrants on October 2, 2018 and that at the time of her arrest there was also a body attachment for Plaintiff's civil contempt. Defendant denies the remaining allegations contained within Paragraph No. 20.

21.     Defendant admits the allegations contained in Paragraph No. 21.

22.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 22 and therefore denies same.

23.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 23 and there denies same.

24.     Paragraph No. 24 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained within Paragraph No. 24.

25.     Paragraph No. 25 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained within Paragraph No. 25.

26.     Defendant denies the allegations contained in Paragraph No. 26.

27.     Defendant denies the allegations contained in Paragraph No. 27.

28.     Defendant admits that Local Rule 6.12 of the St. Louis County Circuit Court provides for the establishment of a duty judge in certain circumstances. Defendant denies all remaining allegations contained within Paragraph No. 28.

29.     Defendant denies the allegations contained in Paragraph No. 29.

30.     Defendant denies the allegations contained in Paragraph No. 30.

31.     Defendant denies the allegations contained in Paragraph No. 31.

32.     Defendant denies the allegations contained in Paragraph No. 32.

33.     Defendant denies the allegations contained in Paragraph No. 33.

34.     Defendant admits Plaintiff was pregnant as of October 2, 2018. Defendant denies all remaining allegations contained in Paragraph No. 34.

35.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 35 and therefore denies same.

36.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 36 and therefore denies same.

37.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 37 and therefore denies same.

38.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 38 and therefore denies same.

39.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 39 and therefore denies same.

40.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 40 and therefore denies same.

41.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 41 and therefore denies same.

42.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 42 and therefore denies same.

43.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 43 and therefore denies same.

44.     Defendant denies the allegations contained in Paragraph No. 44.

45.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 45 and therefore denies same.

46.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 46 and therefore denies same.

47.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 47 and therefore denies same.

48.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 48 and therefore denies same.

49.     Defendant denies the allegations contained within Paragraph No. 49.

50.     Defendant denies the allegations contained within Paragraph No. 50.

51.     Defendant denies the allegations contained within Paragraph No. 51.

52.     Defendant denies the allegations contained within Paragraph No. 52.

53. Defendant denies the allegations contained within Paragraph No. 53.

54. Defendant denies the allegations contained within Paragraph No. 54.

55. Defendant denies the allegations contained within Paragraph No. 55.

56. Defendant denies the allegations contained within Paragraph No. 56.

57. Defendant denies the allegations contained within Paragraph No. 57.

58. Defendant denies the allegations contained within Paragraph No. 58.

59. Defendant denies the allegations contained within Paragraph No. 59.

60. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 60 and therefore denies same.

61. Defendant denies the allegations contained within Paragraph No. 61.

62. Defendant denies the allegations contained within Paragraph No. 62.

63. Defendant denies the allegations contained within Paragraph No. 63.

64. Defendant denies the allegations contained within Paragraph No. 64.

65. Defendant denies the allegations contained within Paragraph No. 65.

66. Defendant denies the allegations contained within Paragraph No. 66.

67. Defendant denies the allegations contained within Paragraph No. 67.

68. Defendant admits there is an Order dated October 31, 2018 scheduling a court date for November 8, 2018. Defendant denies all remaining allegations contained in Paragraph No. 68.

69. Defendant admits that on November 8, 2018, Plaintiff appeared before Family Court Commission Graves and that Commissioner Graves ordered Plaintiff to produce the children for testing by November 9, 2018 and further ordered that Plaintiff would be released

from custody upon report the testing was complete. Defendant denies all remaining allegations contained in Paragraph No. 69.

70.    Defendant admits an Order dated November 9, 2018, and signed by Judge Ott, reflects the Court received notification that testing was complete and ordered the release of Plaintiff. Defendant denies all remaining allegations contained in Paragraph No. 70.

71.    Defendant denies the allegations contained in Paragraph No. 71.

72.    Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.    Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.    Defendant admits Dr. Bello-Kottenstette provided patient care to Plaintiff. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained within Paragraph No. 74 and therefore denies same.

75.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 75 and therefore denies same.

76.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 76 and therefore denies same.

77.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 77 and therefore denies same.

78.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 78 and therefore denies same.

79.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 79 and therefore denies same.

80.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 80 and therefore denies same.

81.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 81 and therefore denies same.

82.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 82 and therefore denies same.

83.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 83 and therefore denies same.

84.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 84 and therefore denies same.

85.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 85 and therefore denies same.

86.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 86 and therefore denies same.

87.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph No. 87 and therefore denies same.

88.     Defendant denies the allegations contained in Paragraph No. 88.

89.     Defendant denies the allegations contained in Paragraph No. 89.

90.     Defendant admits St. Louis County has a Sheriff's Office, Department of Justice Services, Justice Center, Department of Health, and Corrections Medicine Program. Defendant denies all other allegations contained within Paragraph No. 90.

91.     Defendant denies the allegations contained in Paragraph No. 91.

92.     Defendant denies the allegations contained in Paragraph No. 92.

93.     Defendant denies the allegations contained in Paragraph No. 93.

94.     Defendant denies the allegations contained in Paragraph No. 94.

95.     Defendant denies the allegations contained in Paragraph No. 95.

96.     Defendant denies the allegations contained in Paragraph No. 96.

97.     Defendant denies the allegations contained in Paragraph No. 97.

98.     Defendant denies the allegations contained in Paragraph No. 98.

99.     Defendant denies the allegations contained in Paragraph No. 99.

100.    Defendant denies the allegations contained in Paragraph No. 100.

101.    Defendant denies the allegations contained in Paragraph No. 101.

***Count I – Unlawful Seizure and Confinement in Violation of the Fourth and Fourteenth Amendments, Cognizable Pursuant to 42 U.S.C. §1983***

**Against Defendants John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach**

102.    Defendant incorporates by reference its responses to Paragraph Nos. 1-101 as if fully restated herein.

103.    The allegations contained in Paragraph No. 103 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations contained in Paragraph No. 103 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 103.

104.    The allegations contained in Paragraph No. 104 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations contained in Paragraph No. 104 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 104.

105.     The allegations contained in Paragraph No. 105 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations contained in Paragraph No. 105 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 105.

106.     The allegations contained in Paragraph No. 106 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations contained in Paragraph No. 106 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 106.

107.     The allegations contained in Paragraph No. 107 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations contained in Paragraph No. 107 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 107.

108.     The allegations contained in Paragraph No. 108 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations contained in Paragraph No. 108 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 108.

109.     The allegations contained in Paragraph No. 109 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations contained in Paragraph No. 109 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 109.

WHEREFORE, having fully answered Count I of Plaintiff's Complaint for Damages, Defendant respectfully requests this Court enter an Order dismissing Count I of Plaintiff's Complaint, and for such further relief as this Court deems just and proper.

*Count II – False Imprisonment*

**Against Defendant St. Louis County, John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach**

110.     Defendant incorporates by reference its responses to Paragraph Nos. 1-109 as if fully restated herein.

111.     Defendant denies the allegations contained in Paragraph No. 111.

112.     Defendant denies the allegations contained in Paragraph No. 112.

113.     Defendant denies the allegations contained in Paragraph No. 113.

114.     Defendant denies the allegations contained in Paragraph No. 114.

WHEREFORE, having fully answered Count II of Plaintiff's Complaint for Damages, Defendant respectfully requests this Court enter an Order dismissing Count II of Plaintiff's Complaint, and for such further relief as this Court deems just and proper.

*Count III – Failure to Provide Adequate Medical Care and Treatment in Violation of the Eighth and Fourteenth Amendments*

**Against Defendant Jennifer Bello-Kottenstette**

115.     Defendant incorporates by reference its responses to Paragraph Nos. 1-114 as if fully restated herein.

116.     The allegations contained in Paragraph No. 116 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations contained in Paragraph No. 116 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 116.

117.     The allegations contained in Paragraph No. 117 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations

contained in Paragraph No. 117 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 117.

118. The allegations contained in Paragraph No. 118 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations contained in Paragraph No. 118 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 118.

119. The allegations contained in Paragraph No. 119 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations contained in Paragraph No. 119 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 119.

120. The allegations contained in Paragraph No. 120 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations contained in Paragraph No. 120 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 120.

121. The allegations contained in Paragraph No. 121 are not directed toward this answering Defendant and as such, no response is required. To the extent the allegations contained in Paragraph No. 121 might be construed to be alleged against this answering Defendant, Defendant denies the allegations contained in Paragraph No. 121.

WHEREFORE, having fully answered Count III of Plaintiff's Complaint for Damages, Defendant respectfully requests this Court enter an Order dismissing Count III of Plaintiff's Complaint, and for such further relief as this Court deems just and proper.

### *Count IV – Unlawful Practice, and/or Custom*

### **Against Defendant St. Louis County**

122.     Defendant incorporates by reference its responses to Paragraph Nos. 1-121 as if fully restated herein.

123.     Defendant denies the allegations contained in Paragraph No. 123.

124.     Defendant denies the allegations contained in Paragraph No. 124.

125.     Defendant denies the allegations contained in Paragraph No. 125.

126.     Defendant denies the allegations contained in Paragraph No. 126.

127.     Defendant denies the allegations contained in Paragraph No. 127.

WHEREFORE, having fully answered Count IV of Plaintiff's Complaint for Damages, Defendant respectfully requests this Court enter an Order dismissing Count IV of Plaintiff's Complaint, and for such further relief as this Court deems just and proper.

### *Count V – Unlawful Practice, and/or Custom*

### **Against Defendants St. Louis County**

128.     Defendant incorporates by reference its responses to Paragraph Nos. 1-127 as if fully restated herein.

129.     Defendant denies the allegations contained in Paragraph No. 129.

130.     Defendant denies the allegations contained in Paragraph No. 130.

131.     Defendant denies the allegations contained in Paragraph No. 131.

132.     Defendant denies the allegations contained in Paragraph No. 132.

133.     Defendant denies the allegations contained in Paragraph No. 133.

WHEREFORE, having fully answered Count V of Plaintiff's Complaint for Damages, Defendant respectfully requests this Court enter an Order dismissing Count V of Plaintiff's Complaint, and for such further relief as this Court deems just and proper.

### *Count VI – Failure to Train, Supervise, and/or Discipline*

**Against Defendants St. Louis County, Jim Buckles, and Julia Murphy**

134. Defendant incorporates by reference its responses to Paragraph Nos. 1-133 as if fully restated herein.

135. Defendant denies the allegations contained in Paragraph No. 135.

136. Defendant denies the allegations contained in Paragraph No. 136.

137. Defendant denies the allegations contained in Paragraph No. 137.

138. Defendant denies the allegations contained in Paragraph No. 138.

139. Defendant denies the allegations contained in Paragraph No. 139.

140. Defendant denies the allegations contained in Paragraph No. 140.

141. Defendant denies the allegations contained in Paragraph No. 141.

WHEREFORE, having fully answered Count VI of Plaintiff's Complaint for Damages, Defendant respectfully requests this Court enter an Order dismissing Count VI of Plaintiff's Complaint, and for such further relief as this Court deems just and proper.

### *Count VII – Negligence Per Se, Pursuant to §491.170 MO. REV. STAT.*

**Against Defendants St. Louis County, Jim Buckles, Julia Murphy, John Doe (No. 1), John Doe (No. 2), John/Jane Doe (No. 3), Tricia Rodgers, and Bryan Herschbach**

142. Defendant incorporates by reference its responses to Paragraph Nos. 1-141 as if fully restated herein.

143. Paragraph No. 143 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 143.

144. Defendant denies the allegations contained in Paragraph No. 144.

145. Defendant denies the allegations contained in Paragraph No. 145.

146. Defendant denies the allegations contained in Paragraph No. 146.

147. Defendant denies the allegations contained in Paragraph No. 147.

148. Defendant denies the allegations contained in Paragraph No. 148.

149. Defendant denies the allegations contained in Paragraph No. 149.

150. Defendant denies the allegations contained in Paragraph No. 150.

151. Defendant denies the allegations contained in Paragraph No. 151.

WHEREFORE, having fully answered Count VII of Plaintiff's Complaint for Damages, Defendant respectfully requests this Court enter an Order dismissing Count VII of Plaintiff's Complaint, and for such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

COMES NOW, Defendant St. Louis County and for its affirmative defenses, states as follows:

1. To the extent any of the allegations contained in Plaintiff's First Amended Complaint are not heretofore admitted, denied, or otherwise answered, Defendant denies any and all remaining allegations.

2. Defendant demands a trial by jury on all claims not summarily dismissed on motion for summary judgment.

3. Plaintiff's Complaint for Damages fails to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

4. Plaintiff's Complaint fails to state a claim of false imprisonment because Defendant St. Louis County has sovereign immunity and because Plaintiff was lawfully held pursuant to a Judgment of Contempt and not pursuant to Section 491.170 RSMo.

5. Plaintiff's Complaint further fails to state a claim of false imprisonment because the statute of limitation has expired.

6. Plaintiff fails to state a claim establishing any practice or custom to trigger liability under 42 U.S.C. §1983. *See Bd. Of Cty. Comm'rs of Bryan City, Okl. v. Brown*, 520 U.S. 397 (1997).

7. Plaintiff fails to allege the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct because Plaintiff fails to allege any instances of similar conduct.

8. Plaintiff fails to state a claim under 42 U.S.C. §1983 in that Plaintiff fails to allege facts showing defendants were deliberately indifferent to Plaintiff's confinement or illness.

9. Plaintiff has failed to allege facts that Defendants training procedures and/or supervision were inadequate and likely to result in a constitutional violation.

10. Plaintiff fails to state a claim of negligence *per se* because Section 491.170 RSMo. is not the type of statute upon which a claim of negligence per se may be premised.

11. Plaintiff fails to state a claim of negligence *per se* because Plaintiff was not a witness held on a writ of attachment.

12. Without admitting any liability herein, any injury suffered by Plaintiff was not proximately caused by any conduct of the Defendant.

13. Any injuries and damages which Plaintiff may have sustained were directly caused by Plaintiff's own failure to comply with Court Orders.

14. Defendant St. Louis County is immune from suit pursuant to the doctrine of sovereign immunity and asserts all of the provisions of RSMo. §§537.600, 537.610, and 537.615.

15. Plaintiff is barred from recovery against Defendant St. Louis County as to Counts II and VII as Defendant St. Louis County cannot be held liable under the theory of respondeat superior.

16.    Defendants are entitled to a set-off of all sums received as a result of settlement and judgments from any party or nonparty which may have liability for any claims arising out of the alleged incident.

17.    Defendant County is immune from Plaintiff's claim for punitive damages under 42 U.S. §1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

18.    To the extent Plaintiff seeks punitive damages, the claim for punitive damages violates federal law, Missouri law, and the Constitutions of the United States and the State of Missouri, including but not limited to the following grounds:

a.    The submission and recovery of punitive damages in this case is prohibited by the due process clauses of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, because the standards employed for determining and reviewing such awards do not sufficiently ensure a meaningful individualized assessment of deterrence and retribution and because there are no realistic standards or limits imposed on the amount of damages awarded.  The imposition of punitive damages also is barred by the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Missouri Constitution because the standards for determining such awards result in disparate results among defendants accused of similar conduct.  The imposition of punitive damages is also barred by the excessive fines clause of the Eighth Amendment to the United States Constitution and Article I, Sec. 21 of the Missouri Constitution because they constitute an excessive and disproportionate fine under Missouri law.

b.  Section 537.610 RSMo. prohibits the award of punitive or exemplary damages on any claim against a public entity within the scope of §§537.600 to 537.650 RSMo.

19.  Without admitting any liability herein, Defendant states that any injury suffered by Plaintiff was not caused by Defendant.

20.  Although Defendant denies that Plaintiff has sustained damages, any award of compensatory damages would be subject to statutory caps.

21.  Should it be determined that Plaintiff is entitled to seek punitive damages against Defendant at trial, Defendant demands a bifurcated trial, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.

22.  Defendant reserves the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation and specifically reserves the right to amend its Answer to include additional affirmative defenses at a later time.

23.  Defendant affirmatively states that some or all of the injuries or damages complained of by plaintiff are the direct and unavoidable consequence of Plaintiff's preexisting medical condition and were not caused or contributed to by any conduct of Defendant.

24.  Defendant affirmatively states that the damages allegedly sustained by Plaintiff, if any, were the result of intervening or superseding causes arising from the acts or omission of other persons or entities which defendants neither controlled nor had the right to control.  Such intervening and superseding causes bar or reduce any liability on the part of Defendant.

25.  Defendant affirmatively states that Plaintiff has failed to state a claim for exemplary damages against Defendants in that she has not plead facts showing defendants acted with reckless indifference to the rights of others.

26.  Defendants affirmatively reserve the right to introduce evidence on any other

defense that may become appropriate through discovery or independent investigation and specifically reserve the right to amend their Answer to include additional affirmative defenses at a later time..

WHEREFORE, for the reasons stated hereinabove, Defendant, St. Louis County, having fully answered Plaintiff's Complaint for Damages, respectfully requests that this Court enter judgment in their favor, award their costs and expenses, including reasonably attorney's fees, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

BETH ORWICK
COUNTY COUNSELOR

By: */s/ Catherine M. Robertson*
Catherine M. Robertson #63200MO
Associate County Counselor
Office of the County Counselor
41 S. Central Avenue, 9th Floor
Clayton, MO 63105
(314) 615-7031 (direct)
(314) 615-3732 (facsimile)
crobertson@stlouisco.com

*Attorney for Defendant St. Louis County*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of July, 2021, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's CM/ECF filing system upon all counsel of record.

*/s/ Catherine M. Robertson*