UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADRIANNA THURMAN, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00816-SRC |
| | ) |
| ST. LOUIS COUNTY, et al., | ) |
| | ) |
| Defendant(s). | ) |

**Memorandum and Order**

While Adrianna Thurman sat in jail for thirty-nine days without a hearing, she complained to Dr. Jennifer Bello-Kottenstette about symptoms that bothered her. Thurman alleges that Dr. Bello-Kottenstette—despite possessing medical evidence that Thurman had a serious medical condition—deliberately failed to provide Thurman with appropriate medical care. For the reasons that follow, the Court denies Dr. Bello-Kottenstette's Motion to Dismiss count 3 of Thurman's Complaint. Doc. 14.

**I.      Background**

As relevant to Dr. Bello-Kottenstette's motion, Thurman alleges that police arrested her on a civil warrant issued under Missouri's "body attachment" statute without notice or an opportunity for Thurman to be heard. Doc. 2 at ¶¶ 1, 16–30. Thurman further alleges that she remained in jail for thirty-nine days without a hearing. Doc. 20 at p. 1; Doc. 2 at ¶¶ 16–22. About twenty-five days into her detention, Thurman, seven months pregnant at the time, complained to jail physician Dr. Bello-Kottenstette during an exam that she suffered "lower back pain, felt like her 'bones are cracking' when she walked, was having trouble getting out of bed, was having difficulty sleeping, and was experiencing dizziness." Doc. 20 at p. 2; Doc. 2 at ¶¶

77–78.  Dr. Bello-Kottenstette ordered blood work, reviewed the results of the blood work and previously conducted urinalysis, and "failed to order any further immediate examination and/or testing," despite that the blood and urine tests indicated abnormalities that warranted further examination and testing.  Doc. 2 at ¶¶ 76, 79–82.

After Thurman's release from jail, she went to her private physician, who "immediate[ly]" ordered further examination and testing after reviewing Thurman's blood work, eventually resulting in a diagnosis of "breast cancer which had metastasized to her spine."  *Id*. at ¶¶ 84–86.  Thurman claims that Dr. "Bello-Kottenstette knew, based on Ms. Thurman's complaints, . . . her multiple abnormal urinalysis results, and/or her abnormal bloodwork results, that further examination and testing was warranted and necessary and that her symptoms and/or medical test results were indicative of a serious underlying medical condition."  *Id*. at ¶ 87.

## II.     Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief."  To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]"  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted).

**III.     Discussion**

The parties assume that the Eighth Amendment applies to Thurman's claim.  The Court does not make that assumption, and the parties fail to address seminal issues like Thurman's legal status and the rights attendant to that status.  For example, a pre-trial detainee's rights regarding her detention flow from the Due Process Clause of the Fourteenth Amendment.  *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("Although this court has not yet established a clear standard for determining when pretrial detention is unconstitutionally punitive [under the Fourteenth Amendment], we have applied the Eighth Amendment 'deliberate indifference' standard.").  But, the Eighth Circuit has left open the issue of whether an *arrestee's* denial-of-medical-care claims arise under the Fourth or Fourteenth Amendments.  *Bailey v. Feltmann*, 810 F.3d 589, 593 (8th Cir. 2016) ("Bailey first argues that we should analyze his § 1983 claim against Feltmann for denial of medical care under the objective reasonableness standard of the Fourth Amendment . . . We think it prudent to avoid addressing the proper constitutional standard unnecessarily."); *compare Ortiz v. City of Chicago,* 656 F.3d 523, 530

(7th Cir. 2011) (applying the Fourth Amendment), *with Barrie v. Grand Cty.,* 119 F.3d 862, 865–69 (10th Cir. 1997) (applying the Fourteenth Amendment's Due Process Clause).

Having been arrested on a body attachment, without notice, and without charges having been filed against her, Thurman comes to the Court in a unique status.  Because Dr. Bello-Kottenstette does not address whether Thurman is an arrestee, a pre-trial detainee, or something else, she fails to identify what elements Thurman must plead to state a claim.  Doc. 14 at ¶¶. 2, 9–10; Doc. 14-1 at pp. 1, 3–4.  Dr. Bello-Kottenstette argues that "[b]ecause the complaint acknowledges [Dr. Bello-Kottenstette] did not know about [Thurman]'s cancer, the Complaint fails to allege either the subjective or objective knowledge required to state a claim. . . ."  Doc. 14-1 at p. 4.   But this begs the question of what Thurman must plead to state a claim by assuming the applicability of the Eighth Amendment standard.

Based on Dr. Bello-Kottenstette's failure to address these seminal issues, she has not carried her burden of demonstrating that Thurman fails to state a claim.  The Court accordingly denies the motion to dismiss and notes that robust development of the applicable legal standard and the factual record will greatly aid the Court's further evaluation of Thurman's claim.

**IV.**     **Conclusion**

The Court denies Dr. Bello-Kottenstette's [14] Motion to Dismiss.

So Ordered this 14th day of January 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

4